| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Law Offices Of Hagen & Hagen<br>Jeffrey J Hagen - SBN 143754<br>(818) 501-6161<br>4559 San Blas Avenue<br>Woodland Hills, California 91364<br>Fax: (818) 907-6722<br>jeff@hagenhagenlaw.com<br>www.hagenhagenlaw.com<br><br>☑ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Bogar Enriquez Martinez,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:12-bk-20651-AA<br>CHAPTER: 13<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE<br>[11 U.S.C. § 506(d)]**<br><br>DATE: 1/10/2013<br>TIME: 9:00 am<br>COURTROOM: 303<br>FLOOR: Third |
|---|---|

1. TO: The Honorable Alan M. Ahart and Citibank, N.A. and its attorney of record:

2. NOTICE IS HEREBY GIVEN that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief set forth in the Motion and accompanying supporting documents served and filed herewith.

3. Hearing Location:  ☐ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana
    ☑ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
    ☐ 3420 Twelfth Street, Riverside

4. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (*If you do not have an attorney, you may wish to consult one.*)

5. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than 14 days prior to the above hearing date. If you fail to file

a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

6. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according the judge's self-calendaring procedures.

Date: 12/9/2012

Law Offices Of Hagen & Hagen
Printed name of law firm (if applicable)

Jeffrey J Hagen
Printed Name of Individual Debtor
or Attorney for Debtor

Signature of Individual Debtor
or Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011     Page 2     F 4003-2.4.MOTION

**MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]**
(DEBTOR: Bogar Enriquez Martinez                                        )

**NAME OF CREDITOR HOLDING JUNIOR LIEN (Respondent):** Citibank, N.A.

1. **Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (Lien) encumbering the following real property (Property), which is the principal residence of debtor.

    Street address:    17617 Hamlin Street
    Unit number:
    City, state, zip code:   Lake Balboa, California 91406

    Legal description of Property or document recording number (*including county of recording*):
    Lot 180 of Tract No. 13753, in the City Of Los Angeles, County Of Los Angeles, State Of California, as per map recorded in Book 375, Pages 27 to 32 inclusive of maps, in the office of the County Recorder of said county

    ☐ See attached page for legal description of Property or document recording number.

2. **Case History:**

    a. A voluntary petition under chapter ☐ 7 ☐ 11 ☐ 12 ☑ 13 was filed on (*specify petition date*): 12/9/2012          .

    b. ☐ An Order of Conversion to chapter 13 was entered on (*specify date*): _____.

3. **Grounds for Avoidance of Junior Lien:**

    a. As of (*date of title review*) 12/9/2012          , the Property is subject to the following liens in the amounts specified securing the debt against the Property that the debtor seeks to have treated as indicated:

    (1) (*Name of holder of 1st lien*) Ocwen Loan Servicing          in the amount of $ 413,484.87          .

    (2) (*Name of holder of 2nd lien*) Citibank, N.A.          in the amount of $ 135,019.77          ☑ is ☐ is not to be avoided;

    (3) (*Name of holder of 3rd lien*) _____ in the amount of $ _____ ☐ is ☐ is not to be avoided;

    ☐ See attached page for additional lien(s).

    As of (*date of valuation/appraisal*) 11/12/2012          , Property is worth no more than (*value per valuation/appraisal*) $ 330,000.00          .

    b. As a result, each Respondent's Lien encumbering the Property is wholly unsecured.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011    Page 3    F 4003-2.4.MOTION

c. **Evidence in Support of Motion:**

   (1) ☑ The amount of the lien identified in paragraph 3(a)(1) is based on (*type of evidence*) mortgage statement dated 101712____, attached hereto and identified as Exhibit _4_.

   (2) ☑ The amount of the lien identified in paragraph 3(a)(2) is based on (*type of evidence*) mortgage statement dated 100212____, attached hereto and identified as Exhibit _6_.

   (3) ☐ The amount of the lien identified in paragraph 3(a)(3) is based on (*type of evidence*) _____, attached hereto and identified as Exhibit ___.

   (4) ☑ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit _5_.

   (5) ☑ The value of the Property from paragraph 3(b) is based on (*type of evidence*) _Appraisal_____, attached as Exhibit _2_.

   (6) ☑ Debtor submits the attached Declaration(s).

   (7) ☑ Other evidence (*specify/identify supplemental evidence*): _Schedule A - Real Property (Exhibit 1)_ and Schedule D - Creditors Holding Secured Claims (Exhibit 3)_____, attached as Exhibit ___.

d. **WHEREFORE, Debtor prays that this Court issue an Order granting this Motion and establishing that:**

   (1) The Property is valued at no more than (*requested value*) $ _330,000.00_____.

   (2) No payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☑ completion of the chapter 13 plan, or ☑ receipt of a chapter 13 discharge.

   (3) Respondent's(s') claim on the junior position lien(s) shall be allowed as a nonpriority general unsecured claim(s) in the amount per filed Proof of Claim.

   (4) The avoidance of the Respondent's(s') junior lien(s) is contingent upon:  Debtor's ☑ completion of the chapter 13 plan, or ☑ receipt of a chapter 13 discharge.

   (5) The Respondents shall retain its/their lien(s) in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☑ completion of the chapter 13 plan or ☑ receipt of a chapter 13 discharge.

   (6) In the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's(s') lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's(s') lien(s) shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale, subject to the priority of any such junior lien(s).

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011 — Page 4 — F 4003-2.4.MOTION

e. ☐ See attached continuation page for additional provisions.

Date: 12/9/2012

Respectfully submitted,

By: _____
Signature of Debtor or Attorney for Debtor

Name: Law Offices Of Hagen & Hagen
Printed Name of Debtor or Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011    Page 5    F 4003-2.4.MOTION

1  Law Offices Of Hagen & Hagen*
   Earle Hagen (1925 - 2008)
2  Jeffrey J Hagen - State Bar No. 143754
   (818) 501-6161
3  4559 San Blas Avenue
   Woodland Hills, California  91364
4  Fax    :  (818) 907-6722
   e-mail :  jeff&hagenhagenlaw.com
5  Website:  www.hagenhagenlaw.com

6  Attorneys for Debtor

7  *A Debt Relief Agency making a
   world of difference since 1970...
8  We help people file for bankruptcy
   relief under the Bankruptcy Code

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | Case No. 1:12-bk-20651-AA |
| --- | --- |
| Bogar Enriquez Martinez,<br><br>        Debtor. | Chapter 13<br><br>**DECLARATION OF DEBTOR BOGAR E. MARTINEZ IN SUPPORT OF MOTION BY DEBTOR FOR ORDER:**<br><br>**1) ESTABLISHING VALUE OF DEBTOR'S RESIDENCE;**<br><br>**2) DETERMINING THE EXTENT, VALIDITY AND PRIORITY OF SECOND POSITION LIEN OF CITIBANK PURSUANT TO 11 U.S.C. § 506; AND**<br><br>**3) AVOIDING AND REMOVING SECOND POSITION LIEN OF CITIBANK CONDITIONED UPON DEBTOR RECEIVING HIS CHAPTER 13 DISCHARGE**<br><br>Date:  011013<br>Time:  0900am<br>Courtroom: "303" |

    I, Bogar E. Martinez, declare:

    1.   I am the Debtor herein.

Page 1 of 5

2. I have personal knowledge of the facts stated.

3. I filed my Chapter 13 voluntary bankruptcy petition in the Central District Of California's San Fernando Valley Division on 120912.

4. Elizabeth F. Rojas is the duly appointed and qualified Chapter 13 Trustee in this case.

5. My only bankruptcy filing was a Chapter 7 filed in approximately 1992. Accordingly, I am entitled to obtain a discharge in this case if I am successful in confirming my plan, I make all of the payments required of me pursuant to my to-be-confirmed Chapter 13 plan, and otherwise perform consistent with the requirements of my Chapter 13 plan and the Bankruptcy Code and this Court.

6. Among my assets is my residence, commonly described as 17617 Hamlin Street, Lake Balboa, California 91406, and more legally described as

> Lot 180 Of Tract No. 13753, In The City Of Los Angeles, County Of Los Angeles, State Of California, As Per Map Recorded In Book 375, Pages 27 To 32 Inclusive, Of Maps, In The Office Of The County Recorder Of Said County.
>
> APN 2229-021-008

(the "subject property"). I own a 100% fee title interest in the subject property. I acquired the property by purchasing it on 031505 for $535,000.00.

7. I estimated the value of the subject property on my Schedule A - Real Property at $330,000.00. See copy of Schedule "A" attached as Exhibit "1." I based my opinion as to the fair market value of the subject property on an appraisal I purchased from Jennifer Bosco of Sunwest Appraisals, Inc. Ms. Bosco determined that the value of the

1 | subject property as of 111212, twenty-seven days prior to the date of
2 | bankruptcy, to be $330,000.00.  See copy of appraisal attached as
3 | Exhibit "2."  Ms. Bosco's declaration authenticating her appraisal is
4 | attached to the front of the appraisal within Exhibit "2."

5 |     8.  My ownership interest is subject to a first position deed of
6 | trust in favor of Ocwen Loan Servicing.  I scheduled Ocwen Loan
7 | Servicing as a secured creditor on my Schedule D - Creditors Holding
8 | Secured Claims having a balance on the date of bankruptcy of
9 | $416,586.43.  See copy of Schedule D - Creditors Holding Secured Claims
10 | attached as Exhibit "3."

11 |     9.  Ocwen Loan Servicing, holder of the first position deed of
12 | trust, has not yet filed a proof of claim in this case.  A copy of a
13 | monthly mortgage statement from Ocwen Loan Servicing dated 101712,
14 | fifty-three days prior to the date of bankruptcy, reflecting a then-
15 | principal balance of $386,814.27 plus arrearages owing as of that date
16 | of $26,670.60, or a total of $413,484.87, is attached as Exhibit "4."

17 |     10.  The first position deed of trust was originally recorded by
18 | Ocwen Loan Servicing's predecessor-in-interest, WMC Mortgage Corp., on
19 | the date of purchase, 031512, as instrument number 05-0588991 in the
20 | amount of $415,200.00.  A copy of the deed of trust is attached as
21 | Exhibit "5."

22 |     11.  My ownership interest of the subject property is subject to
23 | a second position deed of trust in favor of Citibank, N.A.  I scheduled
24 | the balance owing to Citibank, N.A. on its second position deed of
25 | trust on my Schedule D - Creditors Holding Secured Claims at
26 | $135,019.77.  See copy of Schedule D attached as Exhibit "3."
27 | ///
28 | Page 3 of 5

12. Citibank, N.A., holder of the second position deed of trust, has not yet filed a proof of claim in this case. A copy of my last available statement, dated 100212, sixty-eight days prior to the date of bankruptcy, reflecting a balance as of that date, of $135,019.77, is attached as Exhibit "6."

13. The second position deed of trust was originally recorded with the County by Citibank, N.A. on 092206 as instrument number 06-2109830 in the amount of $178,500.00. A copy of the deed of trust is attached as Exhibit "7."

14. Bankruptcy Code Section 506, <u>Determination Of Secured Status</u>, states:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

15. As noted above, the lien of Ocwen Loan Servicing, holder of the first position deed of trust against my residence, had a balance as of the 120912 date of bankruptcy of at least $413,484.87, which exceeds Appraiser Jennifer Bosco's $330,000.00 estimate of the fair market value of the subject property by over $83,000.00. Accordingly, Citibank, N.A.'s second position deed of trust against my residence is wholly unsecured and therefore the lien may be avoided and stripped.

///

16. Not including the second position deed of trust of Citibank, N.A., I scheduled unsecured debt of $44,920.19. Accordingly, if the Court grants my motion, my unsecured debt will increase from $44,920.19 by $135,019.77 to $179,939.96, well short of the $360,475.00 limit for unsecured debt in a Chapter 13 case.

I declare under penalty of perjury that the foregoing statements are true and correct and I could if called upon competently testify thereto.

Executed this _____ day of 1212 at Woodland Hills, California.

_____
**Bogar E. Martinez**
Declarant

Page 5 of 5

In re **Bogar Enriquez Martinez**                                        ,    Case No. **1:12-bk-20651-AA**
Debtor(s)                                                                                       (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Real Property: Residence, 17617 Hamlin Street, Lake Balboa, California 91406, 3 bedrooms, 2 bathrooms, 1,225 square feet of living space on 6,651 square feet of land, single family residence, 100.0% fee title interest, acquired on 031505 for $535,000.00. Debtor estimates the value of the property at $330,000.00 based upon an appraisal dated 111212 by Jennifer Bosco of Sunwest Appraisals, subject to anticipated costs of sale at 08.0% or $26,400.00, a first position deed of trust in favor of Ocwen Loan Servicing with a balance of $416,586.43 requiring monthly payments of $3,674.67 principal, interest and impounds, $30,345.27 in arrears, a second position deed of trust in favor of Citibank, N.A. with a balance of $135,019.77 requiring monthly payments of $1,157.04 principal and interest, $9,282.07 in arrears, and a wildcard exemption of $1.00, therefore net equity for the estate of NEGATIVE $248,007.20. Debtor intends to reinstate Ocwen Loan Servicing's first position deed of trust through his Chapter 13 plan and to strip Citibank's second position deed of trust by filing an appropriate motion. | Fee Simple | | $330,000.00 | $551,606.20 |

No continuation sheets attached                              **TOTAL $**        330,000.00
                                                (Report also on Summary of Schedules.)

EXHIBIT 1

PAGE 1 OF PAGE 1